Andrew M. Altschul, OSB # 980302
Alysa M. Castro, OSB # 163217
Buchanan Angeli Altschul & Sullivan LLP
321 SW Fourth Avenue, Suite 600
Portland, OR  97204
Telephone:  503.974.5015
Facsimile:  971.230.0337
andrew@baaslaw.com

Attorneys for Standard Insurance

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| DALE ROBERT HERINCKX and DONNA RAE HERINCKX, as Co-Personal Representatives for the Estate of Julianne Lisa Herinckx, deceased,<br><br>          Plaintiff,<br><br>   v.<br><br>PAUL SANELLE, TERLIN PATRICK, and STANCORP FINANCIAL GROUP, INC, dba STANDARD INSURANCE COMPANY, an Oregon Corporation,<br><br>          Defendants. | CASE NO. _____<br><br>**NOTICE OF REMOVAL OF CIVIL ACTION UNDER 28 USC § 1441(a) (Federal Question)** |

PLEASE TAKE NOTICE THAT, pursuant to 28 USC § 1441(a), defendant Stancorp Financial Group, Inc. dba Standard Insurance Company ("Standard"), by and through its attorneys, Buchanan Angeli Altschul & Sullivan LLP, hereby removes this action from the Circuit Court of the State of Oregon for the County of Washington to the United States District Court for the District of Oregon.  This Notice of Removal demonstrates the following grounds

Page 1 - **NOTICE OF REMOVAL OF CIVIL ACTION UNDER 28 USC § 1446(b)(3)**

for removal:

1. Standard has been named in an action in the Circuit Court of the State of Oregon for the County of Washington ("the State Action"). The State Action is entitled: *Dale Robert Herinckx and Donna Rae Herinckx, as Co-Personal Representatives for the Estate of Julianne Lisa Herinckx, deceased, v. Paul Sanelle, Terlin Patrick and The Stancorp Financial Group, Inc., dba Standard Insurance Company, an Oregon Company;* Case No. 14-6451CV. A recently filed Amended Complaint permits Standard to remove the State Action as explained below.

2. Attached as Exhibit 1 to the Declaration of Andrew Altschul in Support of Removal of Civil Action ("Declaration of Andrew Altschul") is plaintiffs' Summons and Complaint dated November 12, 2014. Plaintiff served the Complaint on Standard by service on its registered agent on November 18, 2014. See Exhibit 2 to the Declaration of Andrew Altschul. Standard contacted counsel for co-defendant Terlin Patrick about joining in seeking removal based on the claims against Standard being preempted by the federal Employee Retirement Income Security Act of 1974 ("ERISA"). 29 USC §§ 1001 *et seq.* Counsel for Patrick refused to join. See Declaration of Andrew Altschul ¶ 15)On December 22, 2014, Standard filed a Motion to Dismiss based on ERISA preemption, a true and correct copy of which is attached to the Declaration of Andrew Altschul as Exhibit 3. On January 27, 2015, Standard's Motion to Dismiss was granted and plaintiffs' claims against Standard were dismissed with prejudice. A true and correct copy of this Order is attached to the Declaration of Andrew Altschul as Exhibit 4. On February 2, 2015, plaintiffs filed a Motion to Modify Order to Permit Filing of Amended Complaint. See Exhibit 5 to the Declaration of Andrew Altschul. On March 5, 2015, the court entered an Order denying the Motion to Modify Order to Permit Filing of Amended Complaint, a true and correct copy of which is attached to the Declaration of

Page 2 - **NOTICE OF REMOVAL OF CIVIL ACTION UNDER 28 USC § 1446(b)(3)**

Andrew Altschul as Exhibit 6. On March 26, 2015, the court granted Standard a Limited Judgment against plaintiffs, dismissing plaintiffs' claims against Standard with prejudice. A true and correct copy of this Limited Judgment is attached to the Declaration of Andrew Altschul as Exhibit 7. On April 22, 2015, plaintiffs filed a Notice of Appeal. See Exhibit 8 to the Declaration of Andrew Altschul.

3. While the appeal was pending, plaintiffs continued to litigate the unrelated wrongful death claim against individual defendants Sanelle and Patrick. On February 2, 2016, a judgment was entered against individual defendants, Sanelle and Patrick for plaintiffs' wrongful death claim. The February 2, 2016 Judgment disposed of plaintiffs' claims against these individual defendants in the entirely. See Exhibit 9 to the Declaration of Andrew Altschul.

4. On October 26, 2016, the Appellate Court affirmed the dismissal of plaintiffs' state law claims against Standard, but reversed the judgment of dismissal with prejudice and remanded to permit plaintiffs to file a federal ERISA claim. A copy of the appellate Order and Opinion is attached to the Declaration of Andrew Altschul as Exhibit 10. On January 23, 2017, plaintiffs filed an Amended Complaint. See Exhibit 11 to the Declaration of Andrew Altschul. This newly filed Amended Complaint, unlike the originally filed Complaint, is removable.

5. The foregoing Exhibits, as well as the additional procedural Orders attached to the Declaration of Andrew Altschul as Exhibit 12, constitute true and correct copies all of the process, pleadings and orders served upon Standard in this Action to date, that are required to be submitted by 28 USC § 1446(a).

6. Standard first received a copy of the Amended Complaint when it was served on January 23. 2017. This notice of removal is therefore timely. *See* 28 U.S.C. § 1446(b)(3).

7. The Amended Complaint asserts entitlement to the proceeds of a life insurance policy under an employer-sponsored benefit plan that is subject to ERISA. *See* 29 USC §§ 1001, *et seq.*; *see* Ex. 1 (Amended Complaint) at ¶¶ 2, 18. Consequently, the Complaint, even if it were "artfully pled," is completely preempted by federal law and is thus removable to this Court. *See Aetna Health, Inc. v. Davila*, 542 U.S. 200, 209 (2004)("[T]he ERISA civil enforcement mechanism is one of those provisions with such 'extraordinary pre-emptive power' that it 'converts an ordinary state common law complaint into one stating a federal claim for the purposes of the well-pleaded complaint rule'")(internal citations omitted)*; Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58, 63, 107 S. Ct. 1542 (1987); *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 393 (1982).

8. ERISA's applicable enforcement provisions include § 502(a)(1)(B), which provides that an employee benefit plan participant or beneficiary may bring a civil action "to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan." 29 USC § 1132(a)(1)(B). Plaintiffs' Amended Complaint asserts a claim of breach of contract by denial of benefits under a life insurance plan, and is therefore governed by and arises under 29 USC § 1132(a)(1)(B). *See* Ex. 1 (Amended Complaint) at ¶¶ 2, 18.

9. The Amended Complaint thus sets forth an ERISA claim, which is a civil claim over which this court has original jurisdiction under 29 USC §§ 1001 *et seq.*, and which may be removed to this Court by Standard pursuant to the provisions of 28 USC § 1441(a) because it presents a federal question. Under 28 USC § 89(b), this Court embraces Washington County, Oregon and is thus Court the appropriate court for removal of this action. *See* 28 USC § 1441(a).

10. The February 2, 2016 judgment against Sanelle and Patrick disposed of the plaintiffs' claims against these individual defendants in the entirety. See Exhibit 9 to the Declaration of Andrew Altschul. Therefore, individual defendants Sanelle and Patrick's consent is irrelevant for the purposes of removal because they are improperly joined in this action, which asserts only a claim of entitlement to the benefits of an employer-sponsored life insurance plan. *See e.g. United Computer Sys., Inc. v. AT&T Corp.*, 298 F.3d 756, 762 (9th Cir. 2002)(implying that a failure to obtain the consent of an improperly joined defendant does not negate an otherwise proper removal).

11. There is no possibility of recovery against the individual defendants for the proceeds of the employer-sponsored life insurance plan and plaintiffs' remaining claims against the individual defendants have been fully litigated and disposed of by way of a jury verdict in favor of plaintiffs. See Exhibit 11 to the Declaration of Andrew Altschul. Therefore, Standard is the only named defendant in the amended complaint that stands to be benefitted or burdened by this litigation. *See Ford Motor Co. v. Dep't of Treasury*, 323 U.S. 459, 464 (1945) (considering those who would receive any economic benefit or burden from the verdict for purposes of diversity jurisdiction), *overruled in part on other grounds by Lapides v. Bd. of Regents*, 535 U.S. 613 (2002).

12. Upon information and belief, plaintiffs included these parties in the Amended Complaint solely to deprive the federal court of jurisdiction over the ERISA claim at issue. *See Chambers v. HSBC Bank, USA*, 796 F.3d 560, 564-65 (6th Cir. 2015)(joinder in the notice of removal is not required by persons named as defendants solely to prevent removal). Therefore, plaintiffs only remaining viable claim, an ERISA claim asserted only against Standard, is removable without the consent of individually named defendants Sanelle and Patrick.

13. Standard will file a copy of this Notice of Removal with the Clerk of the Circuit Court of the State of Oregon for the County of Washington and will give notice of the same to counsel for plaintiffs, as required by 28 USC § 1441.

14. By filing this Notice of Removal, Standard does not waive, and hereby expressly reserves, any defenses which may be available.

15. The undersigned has read this Notice of Removal, and to the best of the undersigned's knowledge, information, and belief, formed after reasonable inquiry, certifies that defendant Standard's factual allegations have evidentiary support and its legal contentions are warranted by existing law. The undersigned also certifies that this Notice of Removal is not interposed for any improper purpose, such as to harass, cause unnecessary delay or needless increase in the cost of litigation.

WHEREFORE, defendant respectfully requests that this Court accept jurisdiction of this action currently pending in the Circuit Court of the State of Oregon for the County of Washington.

Dated: February 6, 2017.        Respectfully submitted,

*s/ Andrew M. Altschul*
Andrew M. Altschul   OSB # 980302
Alysa M. Castro, OSB # 163217
BUCHANAN ANGELI ALTSCHUL & SULLIVAN LLP
321 SW Fourth Avenue, Suite 600
Portland, Oregon  97204
Phone: (503) 974-5015
Fax:  (971) 230-0337
andrew@baaslaw.com

Attorneys for Standard Insurance

Page 6 - **NOTICE OF REMOVAL OF CIVIL ACTION UNDER 28 USC § 1446(b)(3)**

## CERTIFICATE OF SERVICE

        I hereby certify that on February 6, 2017, I electronically filed the foregoing **NOTICE OF REMOVAL OF CIVIL ACTION UNDER 28 USC § 1441(a)** with the Clerk of Court using the CM/ECF system which will automatically send e-mail notification of such filing to the following attorneys of record:

| | |
|---|---|
| Anthony W. Furniss | John Andon |
| Furniss Shearer & Leineweber | ANDON LAW FIRM |
| 1500 SW 1st Ave., Ste. 700 | 5100 SW Macadam Avenue, Suite 120 |
| Portland OR  97201 | Portland, Oregon 97239 |
| Telephone: (503) 243-2608 | Telephone: (971) 888-4602 |
| *Attorney for Plaintiff* | *Attorney for Defendant Terlin Patrick* |

        I hereby certify that on February 6, 2017, I served a true copy of this **NOTICE OF REMOVAL OF CIVIL ACTION UNDER 28 USC 1441(a)** by first-class mail on:

Paul Sanelle
Offender ID 15382707
Snake River Correctional Institution
777 Stanton Blvd.
Ontario, Oregon 97914-8335

*Defendant Pro Se*

DATED: February 6, 2017.        BUCHANAN ANGELI ALTSCHUL &
                                                      SULLIVAN, LLP

                                                      s/ *Andrew Altschul*
                                                      Andrew Altschul
                                                      Andrew@baaslaw.com
                                                      Alysa M. Castro
                                                      Alysa@baaslaw.com
                                                      Attorneys for Standard Insurance